Bah v. Holder

BIA
Schoppert, IJ
A098 228 796

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand thirteen.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

HASSANA THIERNO BAH,
> *Petitioner*,

     v.                                12-1831
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, Yerman & Associates, LLC, New York, N.Y.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Blair O'Connor, Assistant Director; Rachel L. Browning, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Hassana Thierno Bah, a native and citizen of Guinea, seeks review of an April 4, 2012, decision of the BIA affirming the April 19, 2010, decision of Immigration Judge ("IJ") Douglas Schoppert, which pretermitted his application for asylum as untimely, and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). In re Hassana Thierno Bah, No. A098 228 796 (B.I.A. Apr. 4, 2012), aff'g No. A098 228 796 (Immig. Ct. N.Y. City Apr. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); see also Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 334-35 (2d Cir. 2006). As Bah does not challenge the agency's denial of CAT relief, this memorandum addresses only asylum and withholding of removal.

**I. Asylum**

We do not have jurisdiction to review the agency's finding that Bah's asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that Bah's alleged medical problems did not excuse the application's untimeliness under 8 U.S.C. §

1158(a)(2)(D). See 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and questions of law, see 8 U.S.C. § 1252(a)(2)(D), Bah has raised no such claims. Bah challenges only the IJ's factual findings regarding whether his alleged medical problems affected his ability to file a timely application, which we lack jurisdiction to review. See Liu v. INS, 508 F.3d 716, 721 (2d Cir. 2007) ("a petitioner cannot us[e] the rhetoric of a constitutional claim or question of law to disguise what is essentially a quarrel about fact-finding or the exercise of discretion" (internal quotation marks omitted)).

**II.      Withholding of Removal**

The agency reasonably denied withholding of removal based on a finding that Bah lacked credibility. A pre-REAL ID Act[1] adverse credibility determination must be based on "specific, cogent" reasons that bear a "legitimate nexus" to the finding. See Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted) (setting forth pre-REAL ID Act credibility standard). The agency reasonably found that Bah lacked credibility based on his inconsistent testimony regarding his medical condition, his activities in Guinea after his alleged detention, his explanation for why he did not seek asylum elsewhere during his international travels, and his repeated

---

[1]Because Bah filed his asylum application in 2004, the REAL ID Act does not apply in this case. See Gui Yin Liu v. Holder, 575 F.3d 193, 197 n.1 (2d Cir. 2009) (noting that "[t]he REAL ID Act's credibility standard applies to applications filed on or after May 11, 2005").

3

trips to Guinea,[2] as well as Bah's failure to corroborate his testimony. These inconsistent aspects of Bah's testimony were material to his claim of past persecution and alleged fear of future persecution. We will not disturb an adverse credibility finding such as this that is based on "specific examples . . . about matters material to [the] claim of persecution." Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir. 2004), overruled in part on other grounds, Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]To the extent Bah argues that Kone v. Holder precludes reliance on his travels outside of Guinea, that case stands only for the proposition that where past persecution already has been established, a return trip will not, on its own, rebut the presumption of a well-founded fear. 596 F.3d 141, 149-150 (2d Cir. 2010). In the present case, however, Bah has not established past persecution due to his lack of credibility. Accordingly, the agency reasonably relied on Bah's multiple trips in and out of Guinea in the years immediately following the alleged persecution as evidence that he failed to establish a credible fear. See Wensheng Yan v. Mukasey, 509 F.3d 63, 68 n.2 (2d Cir. 2007) (finding reasonable the IJ's conclusion that it was "implausible that a person seeking to flee from repression . . . would have repeatedly put himself in situations where he encountered legal authorities checking his identity").